```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                 NORTHERN DISTRICT OF ALABAMA
                       EASTERN DIVISION


JUSTIN DAVIS,                   )
                                )
       Appellant,               )
                                )
  v.                            )  CASE NO. 1:12-CV-2013-WMA
                                )
LINDA GORE,                     )
                                )
       Trustee.                 )
```

<u>MEMORANDUM OPINION</u>

Debtor-appellant, Justin Davis ("Davis" or "debtor"), appeals an order of the Bankruptcy Court for the Northern District of Alabama in *In re Justin Davis*, Case No. 11-43159-JJR13.  In its order of April 17, 2012, the bankruptcy court *sua sponte* dismissed Davis's Chapter 13 bankruptcy case based upon its finding that Davis failed to show cause for proposing a 60-month plan, rather than a 36-month plan, and on its finding that Davis did not propose his plan in good faith. BK Doc. 42, Doc. 3 ("Stay Opinion") at 5-6. This court has jurisdiction pursuant to 28 U.S.C. § 158.  For the reasons detailed below, the court will affirm the order of the bankruptcy court.

**PROCEEDINGS BELOW**

Davis filed his Chapter 13 case on December 20, 2011. BK Doc. 1.  His proposed plans and the related confirmation hearings have particular significance because the bankruptcy court dismissed the case for failure to satisfy plan confirmation requirements.

Davis filed his original Chapter 13 plan with his petition on December 20, 2011, and filed two amended plans in response to the Chapter 13 trustee's objections. BK Docs. 11, 26, 38.  The original plan proposed a 60-month term, no payments to unsecured creditors, and 5% interest for Santander's claim secured by a lien on Davis's car. BK Docs. 1, 11.  In response, the trustee filed an objection and motion to dismiss asserting that Davis did not propose the plan in good faith; that cause must be shown for a term beyond 36 months; that the plan did not account for all disposable income; and that the interest rate on Santander's claim should be increased. BK Doc. 23.  Davis's first amended plan kept the plan term at 60 months and increased the interest rate on Santander's claim to 5.25%. BK Doc. 26.  The trustee amended her objection and motion to dismiss to state that Davis did not propose the plan in good faith; that the plan must have a 36-month term; and that the plan must pay 100% to unsecured creditors. BK Doc. 34.  Davis's second amended plan kept the 60-month term but provided for 100% payment to unsecured creditors. BK Doc. 38.  The trustee subsequently withdrew her objection to confirmation and her motion to dismiss. BK Doc. 39.

Four confirmation hearings were held to consider the trustee's objections and motions to dismiss.  Davis did not attend these hearings. Stay Op. 2-6, Doc. 4 at 3.  At the final confirmation hearing, Davis's attorney indicated to the bankruptcy court that

Davis wanted to go forward with the proposed plan and that the plan could not be shortened "due to budget constraints." *Id*. The bankruptcy court *sua sponte* dismissed Davis's case in an order that provides: "For the reasons stated on the record, this case is sua sponte DISMISSED." BK Doc. 42. Davis appeals this order. The trustee does not contest Davis's appeal and has filed no brief in opposition to the appeal, but that does not relieve this court from the obligation to review the order appealed for the errors alleged.

### DISCUSSION

This court sits as an appellate court when reviewing bankruptcy courts' "final decisions," including dismissal orders. *See* 28 U.S.C. § 158. It reviews those decisions under a clearly erroneous standard for findings of fact and under a *de novo* standard for conclusions of law. *Equitable Life Assurance Soc. v. Sublett* (*In re Sublett*), 895 F.2d 1381, 1383-84 (11th Cir. 1990). In the present case, Davis disputes the dismissal order as contrary to the Bankruptcy Code and as contrary to the facts. Doc. 1, Statement of Issues on Appeal ("Statement of Issues").

Before reaching the substantive issues on appeal, the court first must consider whether Davis's failure to designate and provide transcripts of the confirmation hearings prevents review of the dismissal order. This initial matter is discussed in section A below. The substantive issues are discussed in section B. The court finds that (A) it may review the dismissal order because no

facts are at issue and the bankruptcy court's reasoning can be discerned from the record before this court; and (B) the bankruptcy court did not err in its "for cause" legal standard and did not clearly err in finding that Davis failed to show cause for a 60-month plan, making it unnecessary for the court to reach the issue of good faith.

**A.   Propriety of Reviewing the Dismissal Order**

As an initial matter, the court examines whether Davis's failure to provide transcripts of the confirmation hearings renders this court unable to review the dismissal order.  The failure to provide transcripts is problematic because the dismissal order states that the bankruptcy court's reasons for dismissal were stated on the record.  Davis did not provide that record.  An appellant's failure to provide evidence relevant to the disputed finding or conclusion typically requires the court to affirm the order to avoid "speculat[ing] as to potential errors" without "the relevant evidence in the record." *See Cody v. D.A.N. Joint Venture III, L.P.*, 588 F.3d 1312, 1316 n.5 (11th Cir. 2009); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  However, exceptions to this rule exist.  *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1571 (11th Cir. 1996).  One such exception is an occasion where the reviewing court can discern the basis for the bankruptcy court's ruling from documents in the record and no disputed facts are at issue. *See In re Wilson*, 402

B.R. 66, 70 (B.A.P. 1st Cir. 2009).  When this exception applies, the court may rule on the merits of an appeal even without the transcripts.  *Id.*

This exception applies to the present appeal because the record, although lacking the transcripts, includes the bankruptcy court's opinion and order denying Davis's motion to continue automatic stay pending appeal.  That opinion contains an extensive discussion of the bankruptcy court's reasons for dismissing Davis's case.  It also states that the bankruptcy court relied on "information extracted solely from the Debtor's proposed plan, schedules and statement of financial affairs." Stay Op. 1.  Given that no disputed facts are at issue, and the bankruptcy court explained its reasons for dismissing Davis's case in the Stay Opinion, the court will consider the merits of Davis's appeal.

B.  **Substantive Issues on Appeal**

The bankruptcy court's dismissal order was based on its finding that Davis failed to show cause for a 60-month plan and its finding that Davis did not propose the plan in good faith. Davis's Statement of Issues on Appeal indicates that he disputes the legal conclusions and factual findings for both grounds for dismissal.[1]  The court finds that the bankruptcy court did not err

---

[1] As the bankruptcy court points out, one of the designated issues "conflates and misstates several confirmation requirements." Stay Op. 8.  See the bankruptcy court's discussion for more detail.  *Id* at 8-12.  Also, the issues listed in Davis's Statement of the Issues on Appeal differ from those

in its legal conclusion or clearly err in its factual finding that the bankruptcy case should be dismissed for Davis's failure to show cause for a 60-month plan term.  Because the dismissal was proper on that basis, the court need not reach the second basis for dismissal, that Davis did not propose the plan in good faith.

Bankruptcy courts have an independent obligation to verify that a debtor meets all confirmation requirements before confirming the plan and allowing the case to proceed. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n.14 (2010).  A Chapter 13 plan must meet the confirmation requirements in 11 U.S.C. § 1325(a).[2]  This section, in conjunction with § 1322(d)(2), imposes a 36-month term limit for debtors classified as below median income "unless the court, **for cause**, approves a longer period." § 1322(d)(2)(emphasis added) (§ 1325(a)(1) requires the plan to comply with other provisions of Chapter 13, including § 1322(d)); *see In re Tennyson*, 611 F.3d 873, 878 (11th Cir. 2010).  The bankruptcy court did not err when it concluded *sua sponte* and as a matter of law that a Chapter 13 below median income debtor must affirmatively show cause before a 60-month plan can be confirmed.

What constitutes "cause" for extending the plan term and whether a debtor has shown cause are questions of fact decided by

---

in the appellant's brief, the latter being more specific and encompassed by the former.  Accordingly, the court uses the former list.

[2] Further references to 11 U.S.C. § 101 *et. seq.* (the Bankruptcy Code) will be by section number only.

the bankruptcy court on a case by case basis. *In re Witt*, 199 B.R. 890, 892 (W.D. Va. 1996).  Courts may find cause when a debtor cannot cure a default or pay priority claims during a shorter term. Collier on Bankruptcy ¶ 1322.18 (16th ed.).  This bankruptcy court has also found cause when a longer term would enable a debtor to save his home or pay domestic support obligations, thereby keeping him out of jail. Stay Op. 4, n.6.  Although a bankruptcy court would not likely find cause when a debtor does not pay all disposable income into the plan, finding cause requires a separate inquiry and does not rest solely on disposable income. *See In re Cormier*, 478 B.R. 88, 97-98 (Bankr. D. Mass. 2012) (citing *In re Rodger*, 423 B.R. 591 (Bankr. D.N.H. 2010)).  Davis qualifies as a below median income debtor and, therefore, must show cause to extend a plan beyond 36 months under § 1322(d)(2). Stay Op. 2.

Davis devotes little space to the bankruptcy court's finding that he did not show cause for a 60-month plan under § 1322(d)(2).[3] *See* Doc. 4.  Davis only argues that "[h]e is forced to extend the term to sixty months in hopes of protecting his vehicle, based on the budget numbers in his schedules.  He has no more disposable income to offer." *Id.* at 10.  Davis cites no authority to support his contention that cause exists if a debtor needs a longer term to

---

[3] Davis consistently frames the issue as whether "a Chapter 13 Debtor may file a 60 month case absent bad faith if he commits all of his disposable income." Statement of Issues.  However, "for cause" is the standard for extending the plan term under § 1322(d), not "absent bad faith" or commitment of all disposable income.  Davis's arguments on the latter are inapposite.

keep his vehicle and he commits his entire disposable income to the plan.[4]  As the bankruptcy court observed, if a debtor could show cause "simply by showing that all disposable income was being devoted to the plan," § 1322(d)(2) "would be entirely superfluous." Stay Op. 11.  The bankruptcy court correctly looked beyond Davis's disposable income to determine if he had shown good cause.

The bankruptcy court did not commit clear error in its factual finding that Davis failed to show cause to extend the plan term. *See In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996).  The bankruptcy court held a total of four hearings to consider confirmation of Davis's plan and amended plans.  Davis did not attend any of the hearings and presented no evidence to show cause why his plan should be extended.  Each of the hearings is addressed below to demonstrate that Davis had ample warning of the bankruptcy court's concerns yet did not present any evidence to support his final proposal.

At the first confirmation hearing, the bankruptcy court expressed its concern to Davis's attorney that "the Court could find no 'cause' for allowing the term of the plan ... to extend

---

[4] Davis's argument here appears to be based on § 1325(b)(1), which provides that if the Trustee or holder of an allowed unsecured claim objects to the conformation of the plan, the court may not approve the plan unless one of two alternative requirements are met.  The second alternative requires the debtor's plan to provide all of his projected disposable income to make payments to unsecured creditors. § 1325(b)(1)(B).  However, nothing in § 1325(b)(1) requires the bankruptcy court to approve a debtor's plan simply because he devotes his entire disposable income to pay unsecured creditors, much less to find that cause to extend the plan exists under § 1322(d)(2).

beyond the 36-month limit anticipated by Code § 1322(d) for most below-median debtors." Stay Op. 2.

At the second confirmation hearing, the bankruptcy court again noted that cause had not been established. Stay Op. 3. The bankruptcy court "reiterated its concerns that the Debtor had purchased a car he simply could not afford when he bought it, and having made an unwise financial decision now wanted to use bankruptcy to impose a 5-year refinancing on the secured creditor." *Id*. The bankruptcy court told Davis's attorney to provide an explanation of what happened between Davis's purchase of the car and his filing bankruptcy. The court "made it clear that the Debtor's testimony was needed and urged that the Debtor come to court at the next setting." *Id*. at 4.

At the third confirmation hearing, Davis's attorney offered a purported explanation of what had changed since Davis purchased the car. "Counsel stated that the Debtor had been taking his car payments to the dealership, and instead of sending those payments to Santander, a salesman had been pocketing the money. Counsel offered nothing by way of evidence to support this assertion." Stay Op. 5. The bankruptcy court continued the hearing "to give the Debtor yet another opportunity to establish 'cause' for a 60-month plan, to show good faith, and examine the merits of [his] alleged claim against the car dealership." *Id*. at 5-6.

At the fourth and final confirmation hearing, Davis again did not appear and Davis's attorney informed the bankruptcy court "that the Debtor was determined to keep the [car], and that that was all counsel could do." *Id.* at 6. Because the plan still proposed a 60-month term, the bankruptcy court dismissed the case *sua sponte*. *Id*.

The four confirmation hearings did not result in any evidence, much less live testimony from Davis, to support Davis's contention that retaining his car was an absolute necessity, or to support his assertion that the car dealer had retained payments intended for Santander. The bankruptcy court considered this lack of evidence or explanation in finding that Davis failed to show cause to extend the plan term:

> [T]he Court could not find that the Debtor's buying a car he could not afford when purchased was sufficient "cause" under the standard of Code § 1322(d). If other "cause" existed, it could not be discerned despite the Court's repeated attempts to assimilate the totality of the Debtor's schedules and statements filed in the case and despite the repeated opportunities for the Debtor to explain to the Court what the Court might be missing—opportunities that were repeatedly ignored. With no help from the Debtor whatsoever in terms of an explanation under oath—not even an affidavit—the Court simply could not fabricate "cause" out of the patchwork of schedules, statements, and speculation on the record before it. In addition, Counsel never, during any of the four hearings, offered any explanation as to why the Debtor had failed to appear.

*Id.* at 6-7. Based on the confirmation hearings and the record, the bankruptcy court's finding that Davis failed to show cause to extend the plan term under § 1322(d)(2) is not clearly erroneous.

Because Davis's plan did not comply with § 1322(d)(2), and therefore did not meet the confirmation requirements of § 1325(a), the bankruptcy court did not err in dismissing Davis's case. The dismissal order being warranted on this ground, the court need not consider the second ground for dismissal relating to whether Davis proposed the plan in good faith.

**CONCLUSION**

For the above reasons, the court concludes that the bankruptcy court's did not err in its legal conclusions regarding cause under § 1322(d)(2) and did not clearly err in its finding of fact that Davis failed to show cause to extend his plan term. Accordingly, the court hereby AFFIRMS the decision of the bankruptcy court. A separate final order will be entered.

DONE this 10th day of February, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE